# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| *IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)* | Case No. 3:23-MD-3071<br>MDL No. 3071<br><br>**This Document Relates to:**<br>**3:22-cv-01082**<br>**3:23-cv-00357**<br>**3:23-cv-00332**<br>**3:23-cv-00410**<br>**3:23-cv-00742**<br><br>**Chief Judge Waverly D. Crenshaw, Jr.** |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENFORCE CLASS ACTION WAIVERS

# TABLE OF CONTENTS

I. Plaintiffs Provide No Valid Reason to Delay Addressing This Issue................................. 1

II. Federal Courts Regularly Enforce Class Waivers Without Discovery or Arbitration Clauses. ...................................................................................................... 3

III. Each Plaintiff's Lease and Class Waiver is Enforceable. ..................................... 4

    A. Plaintiff Watters's and Kabisch's Leases Are Enforceable Under Tennessee Law............................................................................................. 4

    B. Plaintiff Weaver's Class Action Waiver Is Enforceable Under Colorado Law. ........................................................................................................... 6

    C. Plaintiff Vincin's Class Waiver is Neither Ambiguous Nor Unconscionable.................................................................................. 7

    D. Plaintiff Cherry's Waiver is Not Unconscionable Under Washington Law........... 8

IV. Plaintiffs' Other Leases with Other Defendants are Immaterial....................................... 10

V. Equitable Estoppel Allows All Defendants to Enforce the Class Waivers....................... 10

CONCLUSION...................................................................................................... 12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abner v. Convergys Corp.*,
2019 WL 13196599 (S.D. Ohio May 21, 2019) ...................................................4

*Abner v. Convergys Corp.*,
2019 WL 1573201 (S.D. Ohio Apr. 11, 2019) ...................................................4

*Allen v. Pacheco*,
71 P.3d 375 (Colo. 2003) .................................................................................6

*Allstate Ins. Co. v. Huizar*,
52 P.3d 816 (Colo. 2002) ..................................................................................7

*Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013) ...................................................................................3, 4, 9

*In re Apple & AT & TM Antitrust Litig.*,
826 F. Supp. 2d 1168 (N.D. Cal. 2011) .......................................................10

*Avilez v. Pinkerton Gov't Servs., Inc.*,
596 F. App'x 579 (9th Cir. 2015) .................................................................1

*Bauer v. Aspen Highlands Skiing Corp.*,
788 F. Supp. 472 (D. Colo. 1992) .................................................................7

*Bearden v. Honeywell Int'l, Inc.*,
2010 WL 1223936 (M.D. Tenn. Mar. 24, 2010) ..........................................2

*Berent v. CMH Homes, Inc.*,
466 S.W.3d 740 (Tenn. 2015) .....................................................................5, 6

*Bernal v. Burnett*,
793 F. Supp. 2d 1280 (D. Colo. 2011) ..........................................................7

*Bonanno v. Quizno's Franchise Co.*,
2009 WL 1068744 (D. Colo. Apr. 20, 2009) ..............................................4, 6

*In re Currency Conversion Fee Antitrust Litig.*,
2012 WL 401113 (S.D.N.Y. Feb. 8, 2012) ...................................................6

*David Terry Invs., LLC-PRC v. Headwaters Dev. Grp. Ltd. Liab. Co.*,
463 P.3d 117 (Wash. Ct. App. 2020) ..........................................................12

*Delaney v. FTS Int'l Servs., LLC*,
2017 WL 264463 (M.D. Pa. Jan. 20, 2017) ...................................................3

*Draper v. DeFrenchi-Gordineer*,
282 P.3d 489 (Colo. App. 2011) ..................................................................6

*In re Ford Motor Co.*,
2023 WL 7877971 (6th Cir. Nov. 16, 2023) ................................................4

ii

*Green v. Mission Health Communities, LLC*,
    2020 WL 6702866 (M.D. Tenn. Nov. 13, 2020) ...................................................11

*Hancock v. Jackson Hewitt Tax Serv., Inc.*,
    2020 WL 2487562 (W.D. Tex. May 14, 2020) ....................................................3

*Hill v. T-Mobile USA, Inc.*,
    2011 WL 10958888 (N.D. Ala. May 16, 2011) ...................................................1

*Holmes v. Henry Legal Grp., LLP*,
    2021 WL 2809111 (M.D. Tenn. July 6, 2021) ....................................................6

*Howard-Hill v. Spence*,
    2017 WL 4544599 (E.D. Tenn. Oct. 11, 2017) ...................................................5

*Jody James Farms, JV v. Altman Grp., Inc.*,
    547 S.W.3d 624 (Tex. 2018).................................................................................12

*Johnson v. BLC Lexington, SNF, LLC*,
    2020 WL 3578342 (E.D. Ky. July 1, 2020).........................................................1

*Killion v. KeHE Distribs., LLC*,
    761 F.3d 574 (6th Cir. 2014) ............................................................................3, 4

*Lammert v. Auto-Owners (Mut.) Ins. Co.*,
    415 F. Supp. 3d 807 (M.D. Tenn. 2019)..............................................................1

*Little v. T-Mobile USA, Inc.*,
    691 F.3d 1302 (11th Cir. 2012) ..........................................................................1

*Martrano v. Quizno's Franchise Co.*,
    2009 WL 1704469 (W.D. Pa. June 15, 2009).....................................................4

*In re May*,
    595 B.R. 894 (Bankr. E.D. Ark. 2019) .............................................................4, 5

*Milcrofton Util. Dist. of Williamson Cnty., Tennessee v. City of Brentwood,
Tennessee*,
    458 F. Supp. 3d 757 (M.D. Tenn. 2020).............................................................10

*Naranjo v. Nick's Mgmt., Inc.*,
    652 F. Supp. 3d 737 (N.D. Tex. 2023) ..............................................................11

*In re Poly-Am., L.P.*,
    262 S.W.3d 337 (Tex. 2008).................................................................................8

*Rathmann v. Ford Motor Co.*,
    2023 WL 6150270 (W.D. Tex. Aug. 25, 2023).....................................................8

*Rubio v. Carreca Enters., Inc.*,
    490 F. Supp. 3d 1277 (M.D. Tenn. 2020)............................................................5

*Santich v. VCG Holding Corp.*,
    443 P.3d 62 (Colo. 2019)....................................................................................10

*Satomi Owners Ass'n v. Satomi, LLC*,
    225 P.3d 213 (Wash. 2009)................................................................................10

iii

*Serrano v. Globe Energy Serv., LLC*,
    2016 WL 7616716 (W.D. Tex. Mar. 3, 2016) ........................................................................3

*Spotswood v. Hertz Corp.*,
    2019 WL 498822 (D. Md. Feb. 7, 2019) ...............................................................................1

*In re Titanium Dioxide Antitrust Litig.*,
    962 F. Supp. 2d 840 (D. Md. 2013) ....................................................................................10

*Tjart v. Smith Barney, Inc.*,
    28 P.3d 823 (Wash. Ct. App. 2001) .......................................................................................9

*Townsend v. Quadrant Corp.*,
    268 P.3d 917 (Wash. 2012)...................................................................................................12

*Turner v. Chipotle Mexican Grill, Inc.*,
    2018 WL 11314701 (D. Colo. Aug. 3, 2018) ........................................................................7

**Statutes**

2023 Colo. Legis. Serv. Ch. 372 (H.B. 23-1095) (WEST)...................................................7

Colo. Rev. Stat. Ann. § 38-12-801 (3)(a)(III)(B) (2023)....................................................7

**Other Authorities**

Fed. R. Civ. P. 23 ..............................................................................................................2, 3

iv

Plaintiffs' arguments cannot overcome the fact that Brandon Watters, Jeffrey Weaver, Joshua Kabisch, Meghan Cherry, and Selena Vincin (collectively the "Subject Plaintiffs") agreed in their leases that they would not file a class action lawsuit. The Subject Plaintiffs' arguments provide no reason the Court should not enforce their class waivers. The Court should grant this motion and strike the Subject Plaintiffs' class allegations.

## I.    Plaintiffs Provide No Valid Reason to Delay Addressing This Issue.

Plaintiffs identify no factual disputes *as to the Subject Plaintiffs* preventing the Court from enforcing their leases (and waivers) now. The Plaintiffs raise a strawman argument that because there are factual issues, the Court should delay ruling until class certification.[1] Plaintiffs are no doubt correct that there are complex, individualized fact issues as to unnamed putative class members who signed their own class waivers in different states under various circumstances. Mem. at 1 n.1 [Dkt. 591]. Indeed, these "fact issues" will preclude class certification. *See, e.g.*, *Johnson v. BLC Lexington*, *SNF, LLC*, 2020 WL 3578342, at *6–7 (E.D. Ky. July 1, 2020) (denying class certification where potential members of the class were subject to binding arbitration).[2] However

---

[1] Plaintiffs cite the Court's decision *Lammert v. Auto-Owners (Mut.) Ins. Co*., 415 F. Supp. 3d 807, 811 (M.D. Tenn. 2019), but that case is distinguishable. There, defendants moved to strike plaintiffs' class allegations to the extent they were based on a six-year limitations period. *Id.* The Court denied the motion because this limitations period was not referenced in the Complaint. *Id.* at 812. Here, the Subject Plaintiffs' leases are incorporated into the Multifamily FAC, and their leases state they agree not to file class actions.

[2] Defendants reserved the right to enforce these waivers as to putative class members. Mem. at 1, n.1; *see also Spotswood v. Hertz Corp*., 2019 WL 498822, at *5, *11–13 (D. Md. Feb. 7, 2019) (denying class certification where arbitration and class action waiver provisions in customer car rental agreements prevented certain proposed class members from pursuing the action entirely); *Avilez v. Pinkerton Gov't Servs., Inc*., 596 F. App'x 579, 579 (9th Cir. 2015) (finding abuse of discretion to the extent district court certified classes and subclasses that included named plaintiffs who signed class action waivers); *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304, 1308 (11th Cir. 2012) (affirming district court's refusal to certify the class where plaintiffs made no effort to separate putative class members who were barred from pursuing class claims based in part on class action waivers prohibiting the litigation); *Hill v. T-Mobile USA, Inc*., 2011 WL 10958888, at *18– 19 (N.D. Ala. May 16, 2011) (rejecting nationwide certification because of the varying impact of class action waivers, agreements to arbitrate, and conscionability jurisprudence).

1

no such fact issues exist as to the Subject Plaintiffs to justify delaying this ruling.

It is undisputed that the Subject Plaintiffs rented units from Lincoln, CONTI, Greystar, and Camden. Because their undisputed leases are incorporated by reference into the Multifamily SAC, they are properly before the Court. *See* Mem. at 2 n.2. By signing their leases, the Subject Plaintiffs left no factual dispute when they agreed not to file class actions, and no valid reason exists to allow them to evade this promise. *See* Mem. at 6 n.3. Even the "general rule" of deferring class certification issues to allow discovery "does not apply if it is clear from the face of the complaint that a proposed class cannot satisfy the requirements of Rule 23." *Bearden v. Honeywell Int'l, Inc.*, 2010 WL 1223936, at *9 (M.D. Tenn. Mar. 24, 2010).[3]

Plaintiffs also concoct a need to delay a ruling until after discovery through a baseless unconscionability argument. Opp'n at 14–22 [Dkt. 618]. Unconscionability is determined under state law (Mem. at 15–20), and Plaintiffs have no persuasive arguments under any applicable law that the class waivers are unconscionable or that discovery will assist in that regard. *Infra* Part III.

For eight Defendants where the only cases against them were filed by the Subject Plaintiffs,[4] it is essential that the Court decide this motion now to prevent the massive burden of class discovery in a sprawling nationwide antitrust case. The Subject Plaintiffs cannot adequately represent the interests of the putative class when their binding class action waivers prevent them from pursuing this action entirely. The Parties should not have to proceed in class discovery for named Plaintiffs who the Court must dismiss before class certification.

This issue is ripe for the Court to decide. Any other course of action would only serve to

---

[3] Many courts, including one in this District, have granted motions to strike or dismiss class allegations prior to discovery. *Bearden*, 2010 WL 1223936, at *9; *see also* Mem. at 6–7, n.3.

[4] These eight Defendants are Allied Orion Group, LLC, Brookfield Properties Multifamily LLC, CONTI Capital, Kairoi Management, LLC, Knightvest Residential, Rose Associates Inc., Sherman Associates Inc., and Thrive Communities Management, LLC.

2

delay the inevitable and lead to massive wasteful costs. The Court should enforce the terms of the Subject Plaintiffs' waivers and reject Plaintiffs' request for delay.

## II. Federal Courts Regularly Enforce Class Waivers Without Discovery or Arbitration Clauses.

Plaintiffs gloss over roughly two dozen cases from around the country enforcing class waivers like those here. Mem. at 12 n.11 (collecting cases enforcing standalone class action waivers). Instead of addressing them directly, Plaintiffs again try for delay, claiming "most of those cases" were decided later in litigation. Opp'n at 24. Not so.[5]

Plaintiffs have no substantive right to file class litigation; their leases' lack of an arbitration agreement is irrelevant to determining this issue. To try to distract the Court, Plaintiffs argue that the Federal Arbitration Act ("FAA") does not apply to class waivers and there is no "federal policy favoring waiver of the right to bring class action suits." Opp'n at 23. But Defendants do not claim the FAA applies. Nor do Defendants need a "Federal Class Action Waiver Act" (*see id.*) as Plaintiffs have no substantive right to file class litigation. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013) (explaining Rule 23 did not "establish an entitlement to class proceedings for the vindication of statutory rights"). Plaintiffs rely on *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 592 (6th Cir. 2014), but that decision is based entirely on language in the Fair Labor Standards

---

[5] In fact, most of the cases in footnote 11 were decided without discovery. *See, e.g.*, *Hancock v. Jackson Hewitt Tax Serv., Inc.*, 2020 WL 2487562, at *2–3 (W.D. Tex. May 14, 2020) (striking class allegations where parties had filed evidence early in litigation without formal discovery and neither side "suggest[ed] how further discovery would assist the Court to resolve this narrow issue"); *Delaney v. FTS Int'l Servs., LLC*, 2017 WL 264463, at *2, *9 (M.D. Pa. Jan. 20, 2017) (dismissing collective allegations after staying discovery as to such allegations pending resolution of motion to dismiss); *Serrano v. Globe Energy Serv., LLC*, 2016 WL 7616716, at *1 (W.D. Tex. Mar. 3, 2016) (noting motion was "ripe because it [wa]s based on legal questions for which discovery and factual development are not necessary").

3

Act allowing plaintiffs to proceed collectively—not via a class action. 761 F.3d at 590.[6] The Supreme Court has confirmed that neither the Sherman nor Clayton Acts mentions class actions or suggests an intention to preclude class waivers. *Italian Colors*, 570 U.S. at 234. And the Sixth Circuit recently re-emphasized that "[b]y enabling enormous aggregation of claims and parties, class actions represent a significant departure from our constitutional tradition of individual litigation." *In re Ford Motor Co.*, 2023 WL 7877971, at *1 (6th Cir. Nov. 16, 2023) (internal quotations omitted). In this context, enforceability is governed by state law, and these waivers are enforceable under Tennessee, Texas, Washington, and Colorado law. Mem. at 7–10.[7] Plaintiffs offer nothing showing otherwise.

## III. Each Plaintiff's Lease and Class Waiver is Enforceable.

### A. Plaintiff Watters's and Kabisch's Leases Are Enforceable Under Tennessee Law.

***The leases are enforceable***. Plaintiffs incorrectly claim Watters's class waiver does not apply because he did not sign the class action addendum page. But Watters is still bound because he reviewed the entire lease, signed the last page, lived in the unit, and paid rent according to the lease's terms. Decl. of J. Stayton ¶ 18 [Dkt. 590-1]; Ex. 1-A to Decl. of J. Stayton at 49–50 [Dkt. 590-1]. Tennessee law does not require Watters to sign the lease, let alone the class waiver, to be

---

[6] Plaintiffs' other case, *Abner v. Convergys Corp.*, 2019 WL 13196599, at *2 (S.D. Ohio May 21, 2019), fares no better as it is an FLSA case as well. *See Abner v. Convergys Corp.*, 2019 WL 1573201, at *1 (S.D. Ohio Apr. 11, 2019).

[7] Plaintiffs also claim that courts are disinclined to enforce class waivers in complex cases. Opp'n at 4, n.5. But Plaintiffs' cited cases were all decided before *Italian Colors* rejected the argument that courts can invalidate a class waiver because the plaintiff's cost of individually pursuing a claim would exceed potential recovery. 570 U.S. at 228. And one does not even address the complexity issue. *See Martrano v. Quizno's Franchise Co.*, 2009 WL 1704469, at *21 (W.D. Pa. June 15, 2009). The Court can further disregard *Martrano*, as it is an outlier because the court in *Bonanno v. Quizno's Franchise Co.*, 2009 WL 1068744, at *12 (D. Colo. Apr. 20, 2009) addressed this same class waiver under Colorado law and upheld it, and at least one other court has declined to follow *Martrano*. *See In re May*, 595 B.R. 894, 903 (Bankr. E.D. Ark. 2019).

4

enforceable. *Howard-Hill v. Spence*, 2017 WL 4544599, at \*7 (E.D. Tenn. Oct. 11, 2017) ("A written contract does not have to signed to be binding on the parties."). Nor is this a "factual claim that relies on information outside the [complaint] and the lease." Opp'n at 11–12. Plaintiffs allege Watters lived in the unit and paid rent according to his lease. SAMC ¶ 54 [Dkt. 530]. To the extent Watters claims his lease is invalid, he falls outside Plaintiffs' putative class. *See id.* ¶ 681.[8] His lease is attached to the motion and says what it says. No further factual development is needed. Watters is bound by the class waiver.

Plaintiffs concede that Kabisch entered into a valid lease agreement for an apartment in Nashville managed by Greystar. *See* Opp'n at 2−3. They also concede that the lease contains a class waiver (*id.* at 6) that would apply to this case.

***Discovery is not required to conclude the class waivers are not unconscionable***. Plaintiffs argue only that Kabisch's class waiver, which is identical to that of Watters, is unconscionable. Plaintiffs, who bear the burden, have not shown that either Kabisch's or Watters's class waiver is unconscionable. Plaintiffs insist that unconscionability is a fact intensive analysis that requires discovery (Opp'n at 18–19) but Plaintiffs have not shown and cannot show any procedural or substantive unconscionability under Tennessee law. *See Rubio v. Carreca Enters., Inc.*, 490 F. Supp. 3d 1277, 1289–90 (M.D. Tenn. 2020). Contrary to Plaintiffs' claim, Tennessee law does not require fact discovery before a court can determine if an agreement is unconscionable. *See Berent v. CMH Homes, Inc.*, 466 S.W.3d 740, 742, 758 (Tenn. 2015) (enforcing arbitration provision in adhesion contract without discovery).[9] Nor are contracts of adhesion per se unenforceable in Tennessee. *Id.* at 756. And Plaintiffs cannot point to any terms of the contract that are "so

---

[8] Plaintiffs proposed class is "[a]ll persons and entities in the United States and its territories who paid rent on at least one multifamily residential real estate lease from" Defendants. *Id.*
[9] Tennessee law on exculpatory clauses has no bearing on the class waiver. Opp'n at 18, n.28.

oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." *Id.* at 747.

The terms of the class waivers simply limit Watters's and Kabisch's ability to bring a class action; both may still bring individual claims. *See Holmes v. Henry Legal Grp., LLP*, 2021 WL 2809111, at *6 (M.D. Tenn. July 6, 2021) (rejecting argument that class action waiver was "unfair" and recognizing that "courts have upheld class action waivers for many years").

Plaintiffs also vaguely speculate about a supposed conspiracy to use form leases created by the Texas Apartment Association ("TAA") and the National Apartment Association ("NAA"), but they neither explore their speculation, nor support it with any plausible facts. They cite *In re Currency Conversion Fee Antitrust Litig.*, 2012 WL 401113, at *1 (S.D.N.Y. Feb. 8, 2012), which alleged a conspiracy to add mandatory *arbitration* clauses in cardholder agreements. Plaintiffs provide no authority from Tennessee (or elsewhere) to suggest their conclusory NAA/TAA conspiracy claim permits them to evade their class waivers.

### B. Plaintiff Weaver's Class Action Waiver Is Enforceable Under Colorado Law.

Plaintiffs insist Weaver's class waiver is not enforceable, but they ignore the basic principle of Colorado law that contracts are enforceable as written. *Allen v. Pacheco*, 71 P.3d 375, 378 (Colo. 2003); *Bonanno*, 2009 WL 1068744, at *8 (enforcing class action waiver). While Plaintiffs argue that Camden's waiver does not cover these actions (Opp'n at 12–13), the text of the waiver is not so limited. The waiver simply states that the "[r]esident waives any ability or right to serve as a representative party for others similarly situated or participate in a class action suit or claim against the Owner or the Owner's managing agents." *See, e.g.*, Ex. 2-A at 56 [Dkt. 590-2].[10]

---

[10] Plaintiffs' authority confirms that the effect of a contract should "be determined primarily from the language of the agreement itself." *Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 494 (Colo. App. 2011). The broad language of the waiver shows it is not limited to repair or default claims.

6

Plaintiffs also argue Weaver's class waiver is unenforceable because Weaver's initial lease with Camden did not contain a waiver. Opp'n at 16. But there is no dispute that the waiver was in Weaver's second lease with Camden, to which Weaver agreed. Plaintiffs provide no Colorado authority that bars a landlord from updating lease terms.[11]

Plaintiffs also argue Weaver's lease is unenforceable as a contract of adhesion. But under Colorado law, using a standardized form among parties with unequal bargaining power does not necessarily create an unconscionable contract of adhesion. *Turner v. Chipotle Mexican Grill, Inc.*, 2018 WL 11314701, at *2–3 (D. Colo. Aug. 3, 2018).[12] Plaintiffs also do not—and cannot—show Weaver could not have sought similar accommodations elsewhere, which defeats claims of procedural unconscionability. *See Bernal v. Burnett*, 793 F. Supp. 2d 1280, 1288 (D. Colo. 2011) (school enrollment contracts not unconscionable contracts of adhesion, in part, because "Plaintiffs could have chosen to pursue their education elsewhere").[13]

## C. Plaintiff Vincin's Class Waiver is Neither Ambiguous Nor Unconscionable.

Plaintiffs assert that Vincin's class waiver was presented "on a one-sided, take-it-or-leave-it basis" using a standardized TAA form. Opp'n at 22. But Plaintiffs present nothing to show "that

---

[11] Plaintiffs also point to a June 2023 Colorado law barring class action waivers (Opp'n at 17), but that law is not retroactive. *See* 2023 Colo. Legis. Serv. Ch. 372 (H.B. 23-1095) (WEST); Colo. Rev. Stat. Ann. § 38-12-801 (3)(a)(III)(B) (2023).

[12] Plaintiffs also argue that, under Colorado law, unconscionable contracts of adhesion are all contracts that are "not bargained for, but imposed on the public for a necessary service on a take it or leave it basis." Opp'n at 16 n.25 (citing *Bauer v. Aspen Highlands Skiing Corp.*, 788 F. Supp. 472, 474 (D. Colo. 1992)). But *Bauer* acknowledges "form contracts offered on a take it or leave it basis, alone, do not render the agreement an adhesion contract." 788 F. Supp. at 474–75.

[13] The *Allstate* decision Plaintiffs cite is not instructive. In *Allstate*, the Colorado Supreme Court interpreted an insurance contract that was divided into a number of delineated coverage "Parts" with an additional section devoted exclusively to "General Provisions." *See Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 819 (Colo. 2002). Here, the lease at issue is in a single part, with numbered paragraphs addressing specific issues. The class waiver is found within the *only* provision of the lease addressing the tenant's rights in the event of a default by the owner. *Allstate's* analysis of a complicated, multi-part insurance contract is irrelevant.

7

the clause is so inequitable that it shocks the conscience" or "so one-sided that it is unconscionable" as Texas law requires. *See Rathmann v. Ford Motor Co.*, 2023 WL 6150270, at *3 (W.D. Tex. Aug. 25, 2023) (finding a large corporation's class action waiver substantively and procedurally conscionable). To the contrary, Texas courts regularly enforce class action waivers since they "do not affect a plaintiff's substantive rights" and because class action litigation "hardly represent[s] a public policy interest that is so strong that parties may not contractually waive it." *See id.* at *3, *5 (observing that "no case in Texas" has found a class action waiver unconscionable).

Plaintiffs speculate that if Vincin did not agree to the class waiver, she would have had to search for a new apartment. *See* Opp'n at 22. This rhetorical guesswork does not equal procedural unconscionability.[14] Vincin has not alleged she was incapable of understanding the waiver or that the waiver created unfair surprise or oppression. *See id.* at 22. To the contrary, Vincin initialed immediately beneath the class action waiver provision to confirm she acknowledged and understood the waiver. Ex. 4-A at 15; 4-B at 24; 4-C at 27 [Dkt. 590-4].[15]

### D. Plaintiff Cherry's Waiver is Not Unconscionable Under Washington Law.

Plaintiffs concede that Plaintiff Cherry entered into a valid lease for a Greystar-managed

---

[14] Procedural unconscionability principles apply "to prevent unfair surprise or oppression," and "do not negate a bargain because one party to the agreement may have been in a less advantageous bargaining position." *Rathman*, 2023 WL 6150270 at *4 (internal quotations omitted). Plaintiffs also claim *In re Poly-Am., L.P.*, 262 S.W.3d 337, 355–56 (Tex. 2008) supports their unconscionability argument. Opp'n at 22 n.32. But in that case, the Texas Supreme Court found a severable provision of an arbitration agreement substantively unconscionable because it eliminated *remedies* available under the Texas Workers' Compensation Act. *Id.* at 345. Moreover, the Court declined to find a fee-splitting provision unconscionable. *Id.* at 357.

[15] Nonsensically, Plaintiffs argue the scope of Vincin's waiver is ambiguous because it applies to "us" which is a defined term for "Creekside Village." Opp'n at 15. But Plaintiffs omit the beginning of the class action waiver, which clearly provides: "You agree that you will not participate in any class action claims against us or our representatives." Ex. 4-A at 15; 4-B at 24; 4-C at 27 [Dkt. 590-4] (emphasis added). The waiver's plain language unambiguously explains that Vincin is forgoing the ability to participate in class action claims against Creekside Village and its representatives, i.e., CONTI.

8

apartment in Seattle and that the lease contains a class action waiver. Opp'n at 3. And they agree that the lease's class waiver provision is intended to benefit Greystar and applies to this case. *See id.* at 6−7; 10−14 (arguing other class waivers, but not Cherry's, are inapplicable). Plaintiffs attempt to circumvent the waiver provision by arguing it is both substantively and procedurally unconscionable. Plaintiffs are wrong on both counts.

*First*, Plaintiffs allege that "Cherry's lease renewal is substantively unconscionable as it serves to exculpate Greystar from potentially widespread misconduct." Opp'n at 20. Plaintiffs are incorrect. Neither case Plaintiffs cite supports their contention that Washington law invalidates class waivers in the context of private antitrust class actions simply because those provisions might leave some potential plaintiffs (or their lawyers) without an economically enticing remedy. The Supreme Court has expressly rejected this idea. *Italian Colors*, 570 U.S. at 233−36 (holding that "[t]he antitrust laws do not guarantee an affordable procedural path to the vindication of every claim," and emphasizing that "the fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy") (emphasis in original). Despite Plaintiffs' contrary arguments, Cherry's class action waiver "exculpates" no one. Just as in *Italian Colors*, she can pursue her remedies in an individual proceeding.

*Second*, Plaintiffs allege that Cherry's waiver was procedurally unconscionable because she lacked "meaningful choice" when she was presented with the NAA standard form on a take-it-or-leave-it basis. *See* Opp'n. at 21. But Plaintiffs' Complaint and Opposition offer no facts indicating Cherry lacked a meaningful choice when she entered into her lease. Moreover, under Washington law, "mere inequality of bargaining power" does not equate to lack of meaningful choice and, "[t]he fact that an agreement is an adhesion contract does not necessarily render it procedurally unconscionable." *See Tjart v. Smith Barney, Inc.*, 28 P.3d 823, 830 (Wash. Ct. App.

9

2001); *Satomi Owners Ass'n v. Satomi, LLC*, 225 P.3d 213, 232 (Wash. 2009).

## IV. Plaintiffs' Other Leases with Other Defendants are Immaterial.

Plaintiffs also try to evade their class waivers by arguing that Watters, Weaver, Kabisch, and Cherry have other leases for some part of the class period that do not contain class waivers. Opp'n at 4–5. This is irrelevant. These Plaintiffs are asserting claims for the entire putative class period—October 18, 2018 to the present—based on all their leases. SAMC ¶¶ 51, 54, 57−58, 681. None have offered to drop claims against the Defendants with class waivers. For instance, Kabisch has not offered to drop his claim against Greystar or to limit his claims to his time in Chicago with a lease without a class waiver. Until he does so, this argument is irrelevant. Plaintiffs provide no authority allowing them to ignore their class waivers with Lincoln, Greystar, and Camden, simply because they had leases with others.

## V. Equitable Estoppel Allows All Defendants to Enforce the Class Waivers.

Contrary to Plaintiffs' unsupported argument, all Defendants can enforce the class waivers.[16] Courts have applied the doctrine of equitable estoppel in the antitrust context to allow non-signatory defendants to enforce class waivers, *see In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 852 (D. Md. 2013), and arbitration. *See In re Apple & AT & TM Antitrust Litig.*, 826 F. Supp. 2d 1168, 1175 (N.D. Cal. 2011). And contrary to Plaintiffs' rigid view of equitable estoppel, courts rely on this flexible doctrine "to achieve fairness and prevent injustice." *Milcrofton Util. Dist. of Williamson Cnty., Tennessee v. City of Brentwood, Tennessee*, 458 F. Supp. 3d 757, 770 (M.D. Tenn. 2020).

---

[16] As to Weaver's lease, at this time, only Camden seeks to enforce the class action waiver. Specifically, Camden moves to bar Weaver from serving as a class representative or participating in a class action against Camden, per the terms of Weaver's lease. Other Defendants reserve the right to argue a class action bar based on the Camden lease during class certification proceedings. *Santich v. VCG Holding Corp.*, 443 P.3d 62, 65 (Colo. 2019), recognized that nonsignatories to a contract may be able to enforce its terms in certain circumstances.

10

**Tennessee.** Plaintiffs argue that "non-signatories under Tennessee law can *only* invoke equitable estoppel in situations where a signatory to the contract 'attempts to hold the nonsignatory liable pursuant to the underlying agreement.'" Opp'n at 8. That is incorrect. Under Tennessee law, equitable estoppel can be used based on allegations of concerted misconduct between a signatory and non-signatory alone. *See Green v. Mission Health Communities, LLC*, 2020 WL 6702866, at *7–9 (M.D. Tenn. Nov. 13, 2020) (finding estoppel based on concerted misconduct). Plaintiffs' allegation that non-signatory Defendants conspired with their landlords (signatory Defendants) to artificially inflate rental prices is grounds for estoppel.

Even if Defendants had to show Plaintiffs are also relying on the lease agreements containing the class action waiver provisions, non-signatory Defendants satisfy that burden. The basis of Plaintiffs' claims is an alleged agreement to share information and pricing based on the lease agreements and the pricing terms in those agreements. The conspiracy they allege is built on the very agreements from which they now try to distance themselves. Since Plaintiffs rely on the terms of their lease agreements[17] as evidence corroborating the alleged conspiracy, they cannot repudiate their reliance whenever it serves them.

**Texas**. Likewise, in Texas, non-signatories can enforce class action waivers to "prevent[] signatories from 'having their cake and eating it too'" because "a signatory cannot simultaneously enjoy the benefits of their contract and avoid its burdens simply because they sue a nonsignatory." *Naranjo v. Nick's Mgmt., Inc.*, 652 F. Supp. 3d 737, 753 (N.D. Tex. 2023). In *Naranjo*, for example, the court applied equitable estoppel to permit a nonsignatory to enforce a collective action waiver where the plaintiff's allegations, as here, relied on both the terms of the contract that

---

[17] The crux of Plaintiffs' claims stems from Defendants' alleged agreement to fix rent prices, which requires *lease agreements*, some of which contain *class action waivers*, and exchange competitively sensitive information *that comes from those leases*. SAMC ¶ 705, 710.

11

included the waiver and the alleged interdependent misconduct between signatories and the nonsignatory. *See id.* at 753–54. Plaintiffs misstate Texas law by asserting that, in Texas, co-defendants are precluded from invoking equitable estoppel. *See* Opp'n at 9.[18]

*Washington*. Finally, Plaintiffs quote language from the concurring-in-part, dissenting-in-part opinion in *Townsend v. Quadrant Corp.*, 268 P.3d 917, 923 (Wash. 2012). *See* Opp'n at 9. But both the majority opinion and concurrence in that case clearly acknowledge that arbitration clauses can apply against non-parties through equitable estoppel. 268 P.3d at 922–23. Further, the *Townsend* majority applied equitable estoppel in that case. And, more recently, the Washington Court of Appeals removed any doubt about the issue, holding that a party to an arbitration agreement cannot evade it merely by suing nonsignatories for "claims that are 'based on the same facts and are inherently inseparable' from arbitrable claims against signatory defendants." *David Terry Invs., LLC-PRC v. Headwaters Dev. Grp. Ltd. Liab. Co.*, 463 P.3d 117, 124 (Wash. Ct. App. 2020). Thus, Cherry cannot circumvent her class action waiver merely by asserting the same antitrust and conspiracy claims against other Defendants as she is asserting against Greystar.[19]

## CONCLUSION

Defendants ask the Court to enforce the terms of the Subject Plaintiffs' leases and the class action waivers therein and strike their class allegations.

---

[18] Plaintiffs cite just one case that prevented non-signatories from compelling arbitration. *See Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 640 (Tex. 2018). But *Jody James* was limited to its facts, and the court acknowledged that Texas generally allows equitable estoppel to compel arbitration. *Id.* at 636.

[19] Plaintiff's opposition asserts that Washington courts would adopt a similar rule for stand-alone class waiver provisions as for arbitration agreements (Opp'n at 9–10), but, in light of *David Terry Investments*, that argument compels the conclusion that Cherry's class waiver applies to all defendants through equitable estoppel.

12

Dated: November 22, 2023

Respectfully submitted,

*/s/ Gregory J. Casas*
Gregory J. Casas (admitted *pro hac vice*)
Emily W. Collins (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701-4052
Telephone: (512) 320-7200
casasg@gtlaw.com
emily.collins@gtlaw.com

Robert J. Herrington (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Robert.Herrington@gtlaw.com

Becky L. Caruso (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 443-3252
Becky.Caruso@gtlaw.com

*/s/ Ryan T. Holt*
Ryan T. Holt (No. 30191)
Mark Alexander Carver (No. 36754)
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 742-4200
rholt@srvhlaw.com
acarver@srvhlaw.com

*Counsel for Defendant Lincoln Property Company*

13

/s/ Jay Srinivasan
Jay Srinivasan (admitted *pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (admitted *pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

Stephen C. Whittaker (admitted *pro hac vice*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1361 Michelson Drive
Irvine, CA 92612
Telephone: (212) 351-2671

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

Thomas H. Dundon (SBN: 004539)
tdundon@nealharwell.com
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713

*Counsel for Defendant RealPage, Inc.*

/s/ Edwin Buffmire
Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

Kevin Fulton
kevin@fultonlg.com
THE FULTON LAW GROUP PLLC
7676 Hillmont St., Suite 191
Houston, TX 77040
Telephone: (713) 589-6964

*Counsel for Defendant Allied Orion Group, LLC*

/s/ Katie A. Reilly
Katie A. Reilly
reilly@wtotrial.com
Michael T. Williams
williams@wtotrial.com
Judith P. Youngman
youngman@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800

Mark Bell
Mark.Bell@hklaw.com
HOLLAND & KNIGHT LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8850

*Counsel for Defendant Apartment Income REIT Corp., d/b/a AIR Communities*

*/s/ Danny David*
Danny David
danny.david@bakerbotts.com
BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (*pro hac vice* forthcoming)
james.kress@bakerbotts.com
Paul Cuomo (*pro hac vice* forthcoming)
paul.cuomo@bakerbotts.com
BAKER BOTTS LLP
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

John R. Jacobson (#14365)
jjacobson@rjfirm.com
Milton S. McGee, III (#24150)
tmcgee@rjfirm.com
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700

*Counsel for Defendant Avenue5 Residential,
LLC*

15

/s/ *Marguerite Willis*

Marguerite Willis (admitted *pro hac vice*)
mwillis@maynardnexsen.com
MAYNARD NEXSEN PC
104 South Main Street
Greenville, SC 29601
Telephone: (864) 370-2211

Michael A. Parente (admitted *pro hac vice*)
mparente@maynardnexsen.com
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 771-8900

Margaret M. Siller (BPR No. 039058)
msiller@maynardnexsen.com
MAYNARD NEXSEN PC
1131 4th Avenue South, Suite 320
Nashville, Tennessee 37210
Telephone: (629) 258-2253

*Counsel for Defendant Bell Partners, Inc.*

/s/ *Ian Simmons*

Ian Simmons
isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5196

Stephen McIntyre
smcintyre@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Counsel for Defendant BH Management*
*Services, LLC and B.HOM Student Living LLC*

16

/s/ James D. Bragdon
James D. Bragdon
jbragdon@gejlaw.com
Sam Cowin
scowin@gejlaw.com
GALLAGHER EVELIUS & JONES LLP
218 N. Charles St., Suite 400
Baltimore, MD 21201
Telephone: (410) 727-7702

Philip A. Giordano (admitted *pro hac vice*)
philip.giordano@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street NW
Washington, DC 20007
Telephone: (202) 721-4776

Charles E. Elder, BPR # 038250
celder@bradley.com
BRADLEY ARANTBOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.3597

*Counsel for Defendant*
*Bozzuto Management Company*

/s/ Yehudah L. Buchweitz
Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256

Jeff L. White
Jeff.white@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, DC 20036
Telephone: (202) 682-7059

R. Dale Grimes, BPR #006223
dgrimes@bassberry.com
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6244

*Counsel for Defendant Brookfield Properties*
*Multifamily LLC*

/s/ Danielle R. Foley
Danielle R. Foley (admitted *pro hac vice*)
drfoley@venable.com
Andrew B. Dickson (admitted *pro have vice*)
abdickson@venable.com
Victoria L. Glover (admitted *pro have vice*)
vlglover@venable.com
Venable LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4000

*Counsel for Defendant CH Real Estate
Services, LLC*

/s/ Benjamin R. Nagin
Benjamin R. Nagin
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management
Corporation*

/s/ Lynn H. Murray
Lynn H. Murray
lhmurray@shb.com
Maveric Ray Searle
msearle@shb.com
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7766

Ryan Sandrock
rsandrock@shb.com
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1944

Laurie A. Novion
lnovion@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-2352

*Counsel for Defendant Camden Property Trust*

/s/ Ronald W. Breaux
Ronald W. Breaux
Ron.Breaux@haynesboone.com
Bradley W. Foster
Brad.Foster@haynesboone.com
HAYNES AND BOONE LLP
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: (214) 651-5000
Fax: (214) 200-0376

*Counsel for Defendant CONTI Texas Organization, Inc. d/b/a CONTI Capital*

/s/ Kenneth Reinker
Kenneth Reinker
kreinker@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1522

Joseph M. Kay
jkay@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2745

*Counsel for Defendant Pinnacle Property Management Services, LLC*

/s/ Todd R. Seelman
Todd R. Seelman
todd.seelman@lewisbrisbois.com
Thomas L. Dyer
thomas.dyer@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (720) 292-2002

*Counsel for Defendant Cortland Management, LLC*

/s/ Ann MacDonald
Ann MacDonald
Ann.macdonald@afslaw.com
Barry Hyman
Barry.hyman@afslaw.com
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500

*Counsel for Defendant CWS Apartment Homes, LLC*

/s/ Bradley C. Weber
Bradley C. Weber (admitted *pro hac vice*)
bweber@lockelord.com
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone:  (214) 740-8497

*Counsel for Defendant Dayrise Residential, LLC*

19

/s/ Charles H. Samel
Charles H. Samel
charles.samel@stoel.com
Edward C. Duckers
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: (415) 617-8900

George A. Guthrie
gguthrie@wilkefleury.com
WILKE FLEURY LLP
621 Capitol Mall, Suite 900
Sacramento, CA 95814
Telephone: (916) 441-2430

*Counsel for Defendant FPI Management, Inc.*

.

/s/ Carl W. Hittinger
Carl W. Hittinger
chittinger@bakerlaw.com
Alyse F. Stach
astach@bakerlaw.com
Tyson Y. Herrold
therrold@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100

Stephen J. Zralek, BPR #018971
szralek@spencerfane.com
S. Chase Fann, BPR #036794
cfann@spencerfane.com
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300

*Counsel for Defendant Equity Residential*

/s/ Leo D. Caseria
Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

/s/ Arman Oruc
Arman Oruc
aoruc@goodwinlaw.com
Goodwin Procter, LLP
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

/s/ Michael D. Bonanno

Michael D. Bonanno (admitted *pro hac vice*)
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8225

Christopher Daniel Kercher (admitted *pro hac vice*)
christopherkercher@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

Andrew Gardella, Esq. (TN Bar #027247)
agardella@martintate.com
MARTIN, TATE, MORROW & MARSTON P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668

*Counsel for Defendant Highmark Residential, LLC*

/s/ Cliff A. Wade

Cliff A. Wade
cliff.wade@bakerlopez.com
Chelsea L. Futrell
chelsea.futrell@bakerlopez.com
BAKER LOPEZ PLLC
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240
Telephone: (469) 206-9384

*Counsel for Defendant Knightvest Residential*

/s/ Michael M. Maddigan

Michael M. Maddigan
michael.maddigan@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727

William L. Monts, III
william.monts@hoganlovells.com
Benjamin F. Holt
benjamin.holt@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6440

Joshua C. Cumby (BPR No. 37949)
joshua.cumby@arlaw.com
F. Laurens Brock (BPR No. 17666)
larry.brock@arlaw.com
Rocklan W. King, III (BPR No. 30643)
rocky.king@arlaw.com
ADAMS AND REESE LLP
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450

*Counsel for Defendant Greystar Management Services, LLC*

/s/ Britt M. Miller
Britt M. Miller (admitted *pro hac vice*)
bmiller@mayerbrown.com
Daniel T. Fenske (admitted *pro hac vice*)
dfenske@mayerbrown.com
Matthew D. Provance (admitted *pro hac vice*)
mprovance@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 6006
Telephone: (312) 701-8663

Scott D. Carey (#15406)
scarey@bakerdonelson.com
Ryan P. Loofbourrow (#33414)
rloofbourrow@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600

*Counsel for Defendant Mid-America Apartment
Communities, Inc. and Mid-America
Apartments, L.P.*

/s/ Michael W. Scarborough
Michael W. Scarborough (admitted *pro hac
vice*)
mscarborough@velaw.com
Dylan I. Ballard (admitted *pro hac vice*)
dballard@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Lantower Luxury
Living LLC*

/s/ John J. Sullivan
John J. Sullivan (admitted *pro hac vice*)
jsullivan@cozen.com
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
Telephone: (212) 453-3729

Molly Rucki (admitted *pro hac vice*)
mrucki@cozen.com
COZEN O'CONNOR P.C.
1200 19th St. NW, Suite 300
Washington, DC 20036
Telephone: (202) 912-4884

*Counsel for Defendant Independence Realty
Trust, Inc.*

/s/ Eliot Turner
Eliot Turner
eliot.turner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100,
Houston, Texas 77010
Telephone: (713) 651-5151

*Counsel for Defendant Kairoi Management
LLC*

/s/ Jeffrey C. Bank

Jeffrey C. Bank
jbank@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800

*Counsel for Defendant Morgan Properties Management Company, LLC*

/s/ Richard P. Sybert

Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant Rose Associates Inc. and First Communities Management, Inc.*

/s/ Judith A. Zahid

Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate Group, Inc.*

/s/ Jeffrey S. Cashdan

Jeffrey S. Cashdan (admitted *pro hac vice*)
jcashdan@kslaw.com
Emily S. Newton (admitted *pro hac vice*)
enewton@kslaw.com
Lohr A. Beck (admitted *pro hac vice*)
lohr.beck@kslaw.com
Carley H. Thompson (admitted *pro hac vice*)
chthompson@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600

*Counsel for Defendant ECI Management, LLC*
.

23

*/s/ Valentine Hoy*
Valentine Hoy
vhoy@allenmatkins.com
Scott Perlin
sperlin@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155

Patrick E. Breen
pbreen@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555

*Counsel for Defendant Sares Regis Group Commercial, Inc.*


*/s/ Jose Dino Vasquez*
Jose Dino Vasquez
dvasquez@karrtuttle.com
Jason Hoeft
jhoeft@karrtuttle.com
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 223-1313

*Counsel for Defendant Security Properties Residential, LLC*


*/s/ David A. Walton*
David A. Walton
dwalton@bellnunnally.com
Troy Lee (T.J.) Hales
thales@bellnunnally.com
BELL NUNNALLY & MARTIN, LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201

*Counsel for Defendant RPM Living, LLC*


*/s/ Diane R. Hazel*
Diane R. Hazel
dhazel@foley.com
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: (720) 437-2000

Elizabeth A. N. Haas (admitted *pro hac vice*)
ehaas@foley.com
Ian Hampton (admitted *pro hac vice*)
ihampton@foley.com
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400

Tara L. Swafford, BPR #17577
tara@swaffordlawfirm.com
Dylan Harper, BPR #36820
dylan@swaffordlawfirm.com
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406

*Counsel for Defendant Sherman Associates, Inc.*

24

/s/ Brent Justus
Brent Justus
bjustus@mcguirewoods.com
Nick Giles
ngiles@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000

*Counsel for Defendant Simpson Property Group, LLC*

/s/ Andrew Harris
Andrew Harris
Andrew.Harris@Levittboccio.com
LEVITT & BOCCIO, LLP
423 West 55th Street
New York, NY 10019
Telephone: (212) 801-1104

/s/ Nicholas A. Gravante, Jr.
Nicholas A. Gravante, Jr. (admitted *pro hac vice*)
nicholas.gravante@cwt.com
Philip J. Iovieno (admitted *pro hac vice* pending)
philp.iovieno@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000

*Counsel for The Related Companies, L.P. and Related Management Company, L.P.*

/s/ Yonaton Rosenzweig
Yonaton Rosenzweig
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Fred B. Burnside
fredburnside@dwt.com
MaryAnn T. Almeida
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

*Counsel for Defendant Mission Rock Residential, LLC*

/s/ Benjamin I. VandenBerghe
Benjamin I. VandenBerghe
biv@montgomerypurdue.com
Kaya R. Lurie
klurie@montgomerypurdue.com
MONTGOMERY PURDUE PLLC
701 Fifth Avenue, Suite 5500
Seattle, Washington 98104-7096

*Counsel for Defendant Thrive Communities Management, LLC*

25

/s/ David D. Cross
David D. Cross (admitted *pro hac vice*)
dcross@mofo.com
Jeffrey A. Jaeckel (admitted *pro hac vice*)
jjaeckel@mofo.com
Robert W. Manoso (admitted *pro hac vice*)
rmanoso@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
Telephone: (202) 887-1500

Eliot A. Adelson (admitted *pro hac vice*)
eadelson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

Mika M. Fitzgerald (admitted *pro hac vice*)
mfitzgerald@mofo.com
MORRISON & FOERSTER LLP
250 W 55th Street
New York, NY 10019
Telephone: (212) 468-8000

/s/ Joshua L. Burgener
Joshua L. Burgener
jburgener@dickinsonwright.com
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 620-1757

*Counsel for Defendant UDR, Inc.*

/s/ Craig Seebald
Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
Molly McDonald
mmcdonald@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property Management Company*

/s/ Evan Fray-Witzer
Evan Fray-Witzer
Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: 617-426-0000

*Counsel for Defendants WinnCompanies LLC,*
*and WinnResidential Manager Corp.*

/s/ Ferdose al-Taie
Ferdose al-Taie (admitted *pro hac vice*)
faltaie@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
956 Sherry Lane, 20th Floor
Dallas, TX 75225
Telephone: (214) 391-7210

Christopher E. Thorsen (BPR # 21049)
cthorsen@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5600

*Counsel for Defendant ZRS Management, LLC*

/s/ Edwin Buffmire
Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

*Counsel for Defendants Trammell Crow*
*Residential Company and Crow Holdings, LP*

/s/ James H. Mutchnik
James H. Mutchnik
james.mutchnik@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for Defendant Thoma Bravo L.P.,*
*Thoma Bravo Fund XIII, L.P., and Thoma*
*Bravo Fund XIV, L.P.*

27

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

DATED this 22nd day of November, 2023.

_Ryan Holt_
Ryan Holt